AO 106 (Rev. 04/010) Application for Search Warrant          AUTHORIZED AND APPROVED/DATE   /s/ Wilson McGarry 1-25-23

# UNITED STATES DISTRICT COURT
## for the
_____WESTERN_____ DISTRICT OF _____OKLAHOMA_____

| | |
|---|---|
| In the Matter of the Search of ) <br> *(Briefly describe the property to be search* ) <br> *Or identify the person by name and address)* ) <br> Premises located at 5701 E. Reno Ave. Ste E., ) <br> Midwest City, Oklahoma 73110 ) <br> ) <br> ) <br> ) <br> ) | Case No: M-23-36   -STE |

## APPLICATION FOR SEARCH WARRANT

I, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following *(identify the person or describe property to be searched and give its location)*:

See Attachment A.

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim.P.41(c) is*(check one or more)*:
- ☒ evidence of the crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

*Code Section*                             *Offense Description*
18 U.S.C. § 922(m)                         Making False Entry or Failure to Maintain
                                           Lawful Record Keeping by Federal Firearms
                                           Dealer

The application is based on these facts:

See attached Affidavit.

☒ Continued on the attached sheet(s).
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days* _____*)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

_____
David Moore, Special Agent, ATF

Sworn to before me and signed in my presence.

Date: **Jan 26, 2023**

_____
*Judge's signature*

City and State: **Lawton, OK**

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

2

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, David Moore, a Special Agent (SA) with the Bureau of Alcohol, Tobacco, and Firearms (ATF) being duly sworn, depose and state that:

## INTRODUCTION

1. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so since March, 2022. Prior to Employment with ATF, I was employed by the Oklahoma Department of Corrections. I have been employed in law enforcement for over twelve years. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy; as a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws. I am currently assigned to the Oklahoma City Field Office and am charged with investigating violations of Federal Law, including violations of the Gun Control Act of 1968, as amended in Title 18, United States Code, Sections 921 et seq. Based on my training and experience, I know it to be unlawful for a person to knowingly sell, give, or otherwise dispose of any firearm or ammunition to any person who is prohibited from possessing them. Likewise, it is unlawful for a federally licensed firearms dealer to keep incomplete, inaccurate, or improper records and to make false statements in the records it is required to maintain pursuant to Title 18, United States Code, Section 923.

2. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants under the authority of the United States.

3. I am investigating Raymond Anthony MUSSATTO (MUSSATTO). MUSSATTO is the owner and operator of three different LLCs, each being Federal Firearms

1

Licensees ("FFLs"), holding multiple federal licenses to, among other things, sell, transfer, import, and manufacture firearms. These FFLs share at least one address where the FFLs conduct business. One of the FFLs is also registered to the residence of MUSSATTO. Specifically, MUSSATTO owns and operates the following FFLs, which are all located in the Western District of Oklahoma:

    a. International Firearm Corporation LLC, located at 5701 East Reno Avenue, Suite E, Midwest City, Oklahoma;

    b. Tony's Custom Creations LLC d/b/a Luxury Firearms, located at 5701 East Reno Avenue, Suite E, Midwest City, Oklahoma; and

    c. Sooner State Arsenal LLC, located at 5701 East Reno Avenue, Suite E, Midwest City, Oklahoma, and 12425 Steve Drive, Oklahoma City, Oklahoma, which 12425 Steve Drive is the reported residence of MUSSATTO, (together the "**SUBJECT FFLS**").

4. As will be shown below, there is probable cause to believe that MUSSATTO, through the **SUBJECT FFLS**, has violated Title 18, United States Code, Section 922(m) which prohibits any licensed dealer from making a false entry in, failing to make an appropriate entry in, or failing to properly maintain, any record which he is required to keep pursuant to 18 U.S.C. § 923.

5. I submit this Application and Affidavit in support of a search warrant authorizing a search of 5701 East Reno Avenue, Suite E, Midwest City, Oklahoma, ("**SUBJECT PROPERTY 1**") and 12425 Steve Drive, Oklahoma City, Oklahoma, ("**SUBJECT PROPERTY 2**") (together the "**SUBJECT PROPERTIES**") which

properties are owned, used, or occupied by MUSSATTO and the **SUBJECT FFLS**, and which locations are further described in Attachment A, for all items more particularly described in Attachment B.

6. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of a crime, contraband, fruits of a crime, or other items illegally possessed, or property designed for use, intended for use, or used in committing a crime involving the foregoing violations are presently located at the **SUBJECT PROPERTIES**.

7. Based upon my training and experience, I know that FFLs are businesses engaged in the acquisition and disposition of firearms. FFLs are required to follow certain rules, regulations, and laws in order to maintain their license from ATF to engage in the acquisition and disposition of firearms. An FFL must keep track of each of their firearms in an acquisition and disposition book to include the sale, acquisition, transfer, destruction, or loss of any firearms held in possession of the FFL. Persons attempting to purchase or obtain a firearm from an FFL must fill out an ATF Form 4473 prior to completing the purchase of the firearm. FFLs are required by the federal Brady Law to conduct a background check prior to the sale or transfer of a firearm to a private individual. Failure to complete a 4473 or complete a background check of the individual acquiring the firearm is in violation of federal law. The FFL must then contact the National Instant Criminal Background Check System (NICS) to confirm that they are allowed to complete the sale of the firearm. NICS will give a transaction number to the FFL which is to be noted on

3

box 19.b. of the ATF Form 4473. NICS will then perform a background check to determine if there is something that would prohibit the purchaser from possessing the firearm. NICS then provides the FFL with three possible outcomes of the background check. If a notice to "Proceed" is given it means that there is nothing prohibiting the individual and the sale can go through. If a notice of "Denied" is given it means that there is a prohibiting factor with the individual and the sale can't be made. If a notice of "Delayed" is given it means that NICS needs to review more documentation to determine if the sale is to proceed or be denied. This information is then logged into box 19.c. of the ATF Form 4473. If NICS gives a proceed order, the FFL is required to keep the ATF Form 4473 for 20 years. If NICS gives a denial order, the FFL is required to keep the ATF Form 4473 for 5 years.

8. I have received training that some FFLs have engaged in the illegal sale of firearms "off the books" by concealing the identity of the real purchaser of the firearm and making it look like a lawful purchase of the firearm has taken place. This concealment occurs in several different ways. One technique to conceal an unlawful sale of a firearm is when an FFL makes an illegal sale of a firearm but then adds that illegally sold firearm to a previously completed 4473, which documented an actual lawful transfer of firearms, so that it appears the illegally sold firearm was sold lawfully in another transaction. This is an attempt to make it look like an individual acquired multiple firearms, when in fact one or more of the firearms were actually sold to a separate individual who is also a prohibited person. Another technique is for the FFL to use an individual's information that can pass a background check. The FFL will then falsify the Form 4473 by saying that the individual was the purchaser of the firearm, when in fact the firearm was transferred to a different,

4

prohibited person. In all of these scenarios, the FFL will alter or provide false information in an attempt to conceal the fact that it sold unlawfully sold or transferred a firearm.

## BACKGROUND OF THE INVESTIGATION

9. On January 19, 2023, Midwest City Police Department (MWCPD) Officer J. Fittro responded to 5701 East Reno Avenue, Suite E, Midwest City, Oklahoma, (**SUBJECT PROPERTY 1**), after a Midwest City sanitation worker found a large, but unknown number of firearms in a dumpster. The dumpster was located near International Firearm Corporation LLC ("IFC"), which uses and rents commercial space at **SUBJECT PROPERTY 1**. MWCPD Lieutenant Isais Molina contacted ATF Special Agent (SA) David Moore regarding the firearms found in the dumpster.



Above: Radikal Arms, model NK-1, 12-gauge shotguns found in dumpster near IFC.

10. On January 19, 2023, SA Moore confirmed, using ATF records, that IFC is a Federal Firearms Licensee located at **SUBJECT PROPERTY 1**. ATF records further showed that MUSSATTO is the owner and responsible person for the federal firearms license held by IFC.

5

11. Prior to SA Moore's arrival at IFC, Officer Fittro spoke on the telephone with Stacy Hurst, an IFC employee. Ms. Hurst explained she was not presently located in Oklahoma and neither was MUSSATTO. Ms. Hurst informed Officer Fittro that the firearms found in the dumpster had manufacture defects and according to a letter that IFC received from the ATF, those firearms needed to be destroyed.

12. SA Moore arrived at **SUBJECT PROPERTY 1** and observed the firearms in the dumpster outside of it. Upon closer examination, the firearms that SA Moore could see had a single cut through one side of the magazine-well that extended up to the ejection port. Despite the cut on the firearms, several of the firearms were function tested with proper cycling. Based on the proper cycling of the firearms and his training and experience, SA Moore believed the firearms were still functional despite being partially cut. In total, agents and officers found 236 Radikal Arms, model NK-1, 12-gauge shotguns inside the dumpster.

13. While looking at the dumpster with ATF employees and MWCPD officers, SA Moore observed two males exit a loading dock located adjacent to IFC. SA Moore approached the two men, who identified themselves as Greg Powell and Mike Keenum. Mr. Powell told SA Moore that he had previously observed the same dumpster filled with similar looking firearms approximately two or three times before January 19, 2023. Mr. Powell reported the first time he saw firearms in the dumpster they appeared to be cut in half. Mr. Powell was unable to provide an exact date, but reported that he saw potentially cut-in-half firearms in the dumpster several months prior to January 19, 2023. Mr. Powell said the other one or two times he saw the similar looking firearms in the same dumpster

the firearms appeared to be cut in a manner similarly to how they were cut as observed on January 19, 2023 – that being the single cut through one side of the magazine-well that extended up to the ejection port. Mr. Keenum echoed a similar account of observing other firearms in the dumpster on more than one occasion with similarly looking cuts.

14.     Mr. Keenum informed ATF agents he was given two, uncut and fully functional shotguns by an employee of IFC. Mr. Keenum was unable to provide and exact date when he received the firearms, but reported it was approximately one month prior to January 19, 2023. Mr. Keenum described the employee who gave him the firearms as a young white male, approximately 17 to 18 years old, 5'10" tall, and weighing approximately 135 pounds. Mr. Keenum did not know the employees name, however, he reported the male drove a black colored Mercedes Benz. Keenum reported seeing the young male employee at the business on nearly a daily basis, approximately four days per week. Mr. Keenum also said that he has seen the man outside of IFC cutting firearms approximately two days each week.

15.     When asked to describe how he was provided the firearm, Mr. Keenum reported the young white male was located outside of IFC with a saw cutting firearms. Mr. Keenum said that he approached the man and began discussing the firearms and expressed interest in owning one of the firearms. The man told Mr. Keenum the firearms are defective and should not be shot. Mr. Keenum told the man that he did not intend to shoot the guns, but rather wanted to hang the firearms on his wall. The male employee permitted Mr. Keenum to take two uncut firearms and gave Mr. Keenum two magazines, one for each firearm. Mr. Keenum told SA Moore it was clear between him and the

employee that the firearms he was taking had not yet been cut by the man. Mr. Keenum denied he was asked or required by the FFL to fill out ATF 4473 or perform a NICS background for the transfer of those two firearms.

16. Mr. Keenum described the process by which the male was destroying the firearms. The uncut firearms were brought outside from IFC in a gray colored trashcan. The firearms were then removed from the trashcan, cut using a circular saw, then placed into the large dumpster located near IFC—the same dumpster in which SA Moore and other law enforcement located 236 Radikal Arms model NK-1 12-gauge shotguns.

17. On January 19, 2023, Mr. Keenum gave SA Moore the following two firearms with accompanying magazines:

   a. Radikal Arms, model NK-1, 12-gauge shotgun, bearing serial number W-24014; and

   b. Radikal Arms, model NK-1, 12-gauge shotgun, bearing serial number W-06003.

18. A background check showed that Mr. Keenum is not prohibited from possessing a firearm.

19. On January 19, 2023, SA Moore spoke with ATF Oklahoma City Industry Operations Investigators Group (IOI group) Area Supervisor Ralph Reynolds who stated MUSSATTO contacted him in late summer or early fall of 2022, asking how to properly dispose of firearms he (MUSSATTO) imported into the United States. Reynolds advised MUSSATTO to cut the firearms in three different places, all the way through the receiver, so that the firearms would not function or be able to be put back together. MUSSATTO

8

expressed cutting the firearms was too costly and asked if he could have them crushed instead. Reynolds advised MUSSATTO crushing the firearms was a viable option. Reynolds further advised MUSSATTO to take before and after pictures of the firearms to prove they were completely pulverized.

20. On January 23, 2023, Moore requested additional FFL information related IFC. According to ATF records IFC currently possesses two FFL licenses, an importers license and a manufacturers license, which licenses are associated to **SUBJECT PROPERTY 1**. MUSSATTO also has two additional LLCs with licenses located at **SUBJECT PROPERTY 1**. Tony's Custom Creations LLC d/b/a Luxury Firearms has an importers license and Sooner State Arsenal LLC has a dealers license. Furthermore, Sooner State Arsenal LLC has two additional licenses, a dealer's license and a manufacturers license associated to **SUBJECT PROPERTY 2**, the reported home residence of MUSSATTO. In total MUSSATTO has six different FFLs, listed under three different LLCs, located at two different addresses—**SUBJECT PROPERTY 1** and **SUBJECT PROPERTY 2**. MUSSATTO is the only responsible person listed on any of the licenses or LLCs.

21. On January 23, 2023, Moore conducted a search of the Cleveland County Oklahoma Assessor's Office (CCOAO) website and searched for **SUBJECT PROPERTY 2**. CCOAO website shows MUSSATTO, Raymond Anthony-2017 Rev Trt is the current owner of the property. Furthermore, utility records checked on January 23, 2023, linked **SUBJECT PROPERTY 2** to a Tony Mussatto and have been in that name since June 12, 2009.

22. Based on SA Moore's training and experience, it is a common practice for a business engaged in the sale, transfer, or disposition of firearms, such as the **SUBJECT FFLS**, to hold an additional federal firearms licenses at their place of residence for the purpose of transferring and maintaining firearms and the related business records. Furthermore, if an FFL maintains multiple locations, then it is common for owners and operators of FFLS to transfer firearms and related documents between the various locations in order to meet inventory needs and to efficiently maintain records. For the **SUBJECT FFLS**, MUSSATTO is the sole proprietor for the LLCs and the accompanying six FFLs held thereby. It is the belief of SA Moore that records related to the LLCs, specially, Sooner State Arsenal LLC, which holds three FFLs between **SUBJECT PROPERTY 1** and **SUBJECT PROPERTY 2** that firearms records regarding Sooner State Arsenal LLC will be found at both locations. Furthermore, as a result of the common practice for FFLs held by the same business to transfer firearms and records between locations, SA Moore believes complete records and actual firearms held by the **SUBJECT FFLS** will only be able to verified, validated and reviewed through a complete audit of all **SUBJECT FFLS** records.

23. Based on the aforementioned information, SA Moore believes MUSSATTO and his six FFLs are engaged in business in the Western District of Oklahoma at **SUBJECT PROPERTY 1** and **SUBJECT PROPERTY 2**. It is further the belief of SA Moore that business records and firearms located at the **SUBJECT PROPERTIES** will provide evidence to confirm Radikal Arms model NK-1 12-gauge shotgun W-24014 and Radikal Arms model NK-1 12-gauge shotgun W-06003 were transferred without the required paperwork or background checks in violation of 18 U.S.C. § 922(m). Additionally,

because federal regulation requires FFLs to properly dispose of or destroy the firearms, as described to MUSSATTO by Reynolds and the firearms were found not properly disposed of or destroyed, in a manner consistent with federal regulations as explained by Reynolds, I have probable cause to believe that MUSSATTO may have falsely indicated in firearms records that he properly destroyed the firearms, in violation of 18 U.S.C. § 922(m).

## CONCLUSION

24. Based on the aforementioned facts and circumstances, I believe there is probable cause to believe evidence of a violation of 18 U.S.C. § 922(m) exists at the **SUBJECT PROPERTIES**, as further described in attachments A and B. The basis of this violation is that I have probable cause to believe that MUSSATTO and the **SUBJECT FFLS** failed to properly complete the required documentation of the unlawful sale or transfer of the two previously discussed Radikal Arms shotguns or provided false information on the ATF Form 4473s to conceal the unlawful sale of those firearms, in violation of 18 U.S.C. § 922(m). Furthermore, I have probable cause to believe that MUSSATTO and the **SUBJECT FFLS** failed to properly complete the required documentation or made a false statement regarding the disposition of the 236 Radikal Arms shotguns found in a dumpster next to IFC, in violation of 18 U.S.C. § 922(m).

25. Therefore, respectfully request that the attached search warrant issue authorizing the search of Attachment A and seizure of the items listed in Attachment B.

_____
David Moore
Special Agent
Bureau of Alcohol Tobacco and Firearms

Sworn and subscribed before me this 25th day of January, 2023.

_____
SHON T. ERWIN
United States Magistrate Judge

## ATTACHMENT A

## ADDRESS TO BE SEARCHED

## 5701 E Reno Avenue Suite E Midwest City, Oklahoma 73110

## Description

The subject property is located at 5701 E Reno Avenue Suite E, in Midwest City, County of Oklahoma, in the Western District of Oklahoma, in the State of Oklahoma. This property is the location of three businesses owned and operated by Raymond Anthony MUSSATTO. Those businesses are International Firearm Corporation LLC, Tony's Custom Creations LLC d/b/a Luxury Firearms, and Sooner State Arsenal LLC. Each of those three LLCs are Federal Firearms Licensees. The business is located in a shopping center on the north side of Reno Avenue. The business is on the west side of the shopping center. The exterior of the building is made of off white and white siding. The business has a sign beside the door that says, "International Firearm Cooperation 5701 East Reno Avenue Suite E Midwest City Oklahoma, 73110". The business also has a sign that reads International Firearm Corporation on the door. The front door faces to the west. The business' trash dumpster sits north of the door.









4

## ATTACHMENT B

Items to be Seized

The items to be seized from 5701 E Reno Avenue, Suite E, Midwest City, Oklahoma 73110 and 12425 Steve Dr., Oklahoma City, Oklahoma 73165 (together the "**SUBJECT PROPERTIES**") include the following:

1) Any and all business and/or personal records of firearms transactions and financial records and other records or documents reflecting firearms activity or the disposition of firearms proceeds to include physical and electronic records, including but not limited to Acquisition and Disposition (A&D) Books, any ATF Firearm Forms, Federal Firearm Licenses or applications, notes of financial transactions or firearms transactions, and correspondence, including electronic mail transmissions, letters, faxes and notes, relating to financial transactions or firearms transaction, including the identification of customers, suppliers, associates partners and co-conspirators.

2) Computers, computer data, flash/jump drives, computer hard drives, external hard drives, discs, etc. and other storage devices that can be used to save/store information and data related to firearms transfers and transactions, to include the off-site viewing and copying of such files or devices.

3) Any and all passwords, combinations, key-locks, biological scans, facial recognition, passcodes or any other means or methods by which items either physical or electronic are stored, held or possessed in order to obtain data or records of firearms transactions and related information.

4) Any and all firearms located at the **SUBJECT PROPERTIES** to include Radikal Arms model NK-1 12-gauge shotguns pending disposal.

5) Conduct and audit and examine any and all firearms and records related to the sale, transfer, purchase, movement or firearms into or out of the possession of MOSSATTO or any of the FFLs held by MOSSATTO.